COMP
WRIGHT, FINLAY & ZAK, LLP
Dana Johnathon Nitz, Esq.
Nevada Bar No. 0050
Edgar C. Smith, Esq.
Nevada Bar No. 5506
Christopher Smith, Esq.
Nevada Bar No. 11291
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
(702) 666-0632; Fax: (702) 946-1345
cswift@wrightlegal.net
Attorneys for Plaintiff,
*GMAT LEGAL TITLE TRUST 2013-1, U.S. BANK,
NATIONAL ASSOCIATION, AS LEGAL TITLE
TRUSTEE*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GMAT LEGAL TITLE TRUST 2013-1, U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL I, LLC; DOES I through X; and ROE CORPORATIONS I through X,<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br><br>**COMPLAINT FOR QUIET TITLE**<br><br><br>**ARBITRATION EXEMPT: CLAIMS INVOLVE TITLE TO REAL PROPERTY AND EQUITABLE RELIEFAND EQUITABLE RELIEF** |

COMES NOW, Plaintiff GMAT Legal Title Trust 2013-1, U.S. Bank, National Association, as Legal Title Trustee (hereinafter, "U.S. Bank"), by and through its attorneys of record, Edgar C. Smith, Esq., and Christopher Swift, Esq., of the law firm of Wright, Finlay & Zak, LLP, hereby asserts its claims against the above-named Defendants as follows:

## INTRODUCTION

1.      This action is within the jurisdictional limits of this Court and this Venue is appropriate because the real property involved is located within the jurisdiction of this Court. U.S. Bank is also authorized to bring this action in the State of Nevada by NRS 40.430.

2.      The real property which is the subject of this civil action consists of a residence commonly known as 20942 White Rock Drive, Reno, NV, APN No. 556-063-01 (hereinafter

1  "the Property").

2  **JURISDICTION AND VENUE**

3   **3.**     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §
4   1332, as Plaintiff is a "citizen of a different States" from all defendants and the amount in
5   controversy exceeds $75,000, exclusive of interest and costs

6   **4.**     Venue and jurisdiction is proper in this judicial district because Defendants
7   reside in this district; a substantial part of the events or omissions giving rise to U.S. Bank's
8   claims occurred in this district; and the property that is the subject of this action is situated in
9   this district, in Reno, Washoe County, Nevada.

10  **PARTIES**

11  **5.**     U.S. Bank is an entity authorized to do business in the state of Nevada.  U.S.
12  Bank is now and at all times relevant herein is the Beneficiary under the Deed of Trust signed
13  by Jamie A. Valdivia and Nancy M. Iglesias and Victor Bernal-Anguiano (hereinafter
14  "Valdivia"), recorded on January 11, 2008 (hereinafter "Deed of Trust"), and which encumbers
15  the Property and secures repayment of a promissory note.

16  **6.**     Upon information and belief, Kern & Associates, Inc. (hereinafter "HOA
17  Trustee") is a Nevada corporation, licensed to do business in the State of Nevada.

18  **7.**     Upon information and belief, White Lake Ranch Association (hereinafter the
19  "HOA") is a Nevada non-profit corporation, licensed to do business in the State of Nevada.

20  **8.**     Upon information and belief, Defendant SFR Investments Pool I, LLC,
21  (hereinafter "Buyer") is a limited liability company doing business in the State of Nevada.

22  **9.**     U.S. Bank does not know the true names, capacities or bases of liability of
23  fictitious Defendants sued as Does I through X and Roe Corporations I through X (collectively
24  "fictitious Defendants").  Each fictitiously named defendant is in some way liable to U.S. Bank
25  or claims some rights, title, or interest in the Property that is subsequent to or subject to the
26  interests of U.S. Bank, or both.  U.S. Bank will amend this Complaint to reflect the true names
27  of said defendants when the same have been ascertained.

28

1      **10.**      Upon information and belief, one or more fictitious Defendants are the agents of

2 the HOA, and the HOA is responsible for their acts and omissions under the doctrine of

3 respondeat superior.

4                                   **GENERAL ALLEGATIONS**

5      **11.**      On or about January 7, 2008, Valdivia purchased the Property.[1]

6      **12.**      Public records show that on January 3, 2008, the First Deed of Trust executed by

7 Valdivia identified The Mortgage Depot, Inc. as the lender, Marquis Title and Escrow as the

8 trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and

9 secured a loan in the amount of $210,595.00 (hereinafter the "Valdivia Loan").[2]

10      **13.**      Public records show that on September 30, 2009, a Corporation Assignment

11 Deed of Trust was recorded whereby MERS assigned all its beneficial interest under the Deed

12 of Trust to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP.[3]

13      **14.**      Public records show that on July 5, 2013, a Corporation Assignment Deed of

14 Trust was recorded whereby Bank of America, N.A., Successor by Merger to BAC Home Loans

15 Servicing, LP FKA Countrywide Home Loans Servicing LP, assigned all its beneficial interest

16 under the Deed of Trust to the Secretary of Housing and Urban Development.[4]

17      **15.**      Public records show that on July 18, 2013, a Corporation Assignment Deed of

18 Trust was recorded whereby the Secretary of Housing and Urban Development assigned all its

19 beneficial interest under the Deed of Trust to RBS Financial Products, Inc.[5]

20      **16.**      Public records show that on July 18, 2013, an Assignment Deed of Trust was

21 recorded whereby the RBS Financial Products, Inc. assigned all its beneficial interest under the

22

23 [1] A true and correct copy of the Grant, Bargain, Sale Deed recorded in the Washoe County Recorder's Office as Document Number 3610775, is attached hereto as **Exhibit 1**. All other

24 recordings stated hereafter are recorded in the same manner.
[2] A true and correct copy of the Deed of Trust recorded as Document Number 3610777, is

25 attached hereto as **Exhibit 2**.
[3] A true and correct copy of the Corporation Assignment of Deed of Trust recorded as

26 Document Number 3807199, is attached hereto as **Exhibit 3**.
[4] A true and correct copy of the Corporation Assignment of Deed of Trust recorded as

27 Document Number 4255588, is attached hereto as **Exhibit 4**.
[5] A true and correct copy of the Corporation Assignment of Deed of Trust recorded as

28 Document Number 4259065, is attached hereto as **Exhibit 5**.

1  Deed of Trust to U.S. Bank, National Association, as trustee on behalf of GRA Legal Title Trust
2  2013-1.[6]

3      17.    Public records show that May 6, 2014, a Corporation Assignment of Deed of
4  Trust was recorded whereby the beneficial interest of the Deed of Trust was assigned to
5  Plaintiff U.S. Bank.[7]

6      18.    U.S. Bank is the current beneficiary under the Deed of Trust.

7      19.    Public records show that on November 18, 2009, a Notice of Delinquency &
8  Lien Upon Real Property was recorded against the Property by the HOA.[8]

9      20.    Public records show that on January 21, 2011, a Notice of Delinquent
10 Assessment and Claim of Lien was recorded against the Property by the HOA Trustee on behalf
11 of the HOA.[9]

12     21.    Public records show that on April 19, 2011, a Notice of Default and Election to
13 Sell was recorded against the Property by the HOA Trustee on behalf of the HOA.[10]

14     22.    Public records show that on October 2, 2012, a Notice of Homeowners
15 Association Sale was recorded against the Property by the HOA Trustee on behalf of the
16 HOA.[11]

17     23.    Upon information and belief, pursuant to the Notice of Homeowners Association
18 Sale, a non-judicial foreclosure sale occurred on November 14, 2012 (hereinafter the "HOA
19 Sale"), whereby the White Lake Ranch HOA acquired its interest, if any, in the Property for
20 $600.00.

21

22 [6] A true and correct copy of the Assignment of Deed of Trust recorded as Document Number
23 4280199, is attached hereto as **Exhibit 6.**
   [7] A true and correct copy of the Corporation Assignment of Deed of Trust recorded as Document
24 Number 4352222, is attached hereto as **Exhibit 7.**
   [8] A true and correct copy of the Notice of Delinquency & Lien Upon Real Property recorded as
25 Document Number 3822465 on November 18, 2009, is attached hereto as **Exhibit 8.**
   [9] A true and correct copy of the Notice of Delinquent Assessment and Claim of Lien recorded
26 as Document Number 3966193 on January 21, 2011, is attached hereto as **Exhibit 9.**
   [10] A true and correct copy of the Notice of Default and Election to Sell recorded as Document
27 Number 3994818 on April 19, 2011, is attached hereto as **Exhibit 10.**
   [11] A true and correct copy of the Notice of Homeowners Association Sale recorded as
28 Document Number 4158500 on October 2, 2012, is attached hereto as **Exhibit 11.**

**24.**    Public records show that on November 30, 2012, a Deed in Foreclosure of Assessment Lien was recorded by which White Lake Ranch HOA claimed its interest in the Property.[12]

**25.**    Public records show that on June 6, 2014, a Quitclaim Deed was recorded by which White Lake Ranch HOA sold its interest in the property to SFR Investments Pool 1, LLC, the current record owner of the Property.[13]

**26.**    A homeowner's association sale conducted pursuant to NRS Chapter 116 must comply with all notice provisions as stated in NRS 116.31162 through NRS 116.31168 and NRS 107.090.

**27.**    A lender or holder, such as U.S. Bank, has a right to cure a delinquent homeowner's association lien in order to protect its security interest in the Property.

**28.**    Further, the CC&Rs require reasonable notice of delinquency to all lien holders on the Property.

**29.**    Upon information and belief, the HOA and HOA Trustee did not comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168.

**30.**    The HOA Sale occurred without notice to U.S. Bank, or its agents, servicers or trustees, what portion of the lien, if any, that the HOA claimed constituted a "super-priority" lien.

**31.**    The HOA Sale occurred without notice to U.S. Bank, or its predecessors, agents, servicers or trustees, whether HOA was foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority portion of the lien.

**32.**    The HOA Sale occurred without notice to U.S. Bank, or its predecessors, agents, servicers or trustees, of a right to cure the delinquent assessment, and the super-priority lien, if any.

---

[12] A true and correct copy of the Deed in Foreclosure of Assessment Lien recorded as Document Number 4179738 on November 30, 2012, is attached hereto as **Exhibit 12.**
[13] A true and correct copy of the Quitclaim Deed recorded as Document Number 4361566 on June 6, 2014, is attached hereto as **Exhibit 13.**

**33.** The HOA Sale violated U.S. Bank's rights to due process because it was not given proper, adequate notice and the opportunity to cure the deficiency or default in the payment of the HOA's assessments and the super-priority lien, if any.

**34.** The HOA Sale was an invalid sale and could not have extinguished U.S. Bank's secured interest because of defects in the notices given to U.S. Bank, or its agents, servicers or trustees, if any.

**35.** Under NRS Chapter 116, a lien under NRS 116.3116(1) can only include costs and fees that are specifically enumerated in the statute.

**36.** A homeowner's association may only collect as a part of the super priority lien (a) nuisance abatement charges incurred by the association pursuant to NRS 116.310312 and (b) nine months of common assessments which became due prior to the institution of an action to enforce the lien (unless Fannie Mae and Freddie Mac regulations require a shorter period of not less than six months).

**37.** Upon information and belief, the HOA Sale notices included improper fees and costs in the amount demanded.

**38.** The attorney's fees and the costs of collecting on a homeowner's association lien cannot be included in the super-priority lien.

**39.** Upon information and belief, the HOA assessment lien and foreclosure notices included fines, interest, late fees, dues, attorney's fees, and costs of collection that are not properly included in a super-priority lien under Nevada law and that are not permissible under NRS 116.3102 *et seq*.

**40.** The HOA Sale is unlawful and void under NRS 116.3102 *et seq*.

**41.** The HOA Sale is unlawful and void because the "opt-in" provision in NRS 116.3116 does not satisfy Constitutional Due Process safeguards under the 5th and 14th Amendment to the United States Constitution, nor Clause 1, Section 8, of the Nevada Constitution, so that the statute is unconstitutional on its face.

**42.** The HOA Sale is unlawful and void because the statutory scheme set forth in NRS 116.3116, *et seq*. constitutes a regulatory taking of private property without adequate

1    compensation so the statute is unconstitutional on its face.

2        **43.**    The HOA Sale deprived U.S. Bank of its right to due process because the

3    foreclosure notices failed to identify the super-priority amount, to adequately describe the

4    deficiency in payment, to provide U.S. Bank notice of the correct super-priority amount, and to

5    provide a reasonable opportunity to satisfy that amount.

6        **44.**    A homeowner's association sale must be done in a commercially reasonable

7    manner.

8        **45.**    At the time of the HOA Sale, the amount owed on the Valdivia Loan exceeded

9    the fair market value by a substantial margin.

10       **46.**    Upon information and belief, at the time of the HOA Sale, the fair market value

11   of the Property was approximately $93,000.00.

12       **47.**    The amount paid at the HOA Sale allegedly totaled $600.00.

13       **48.**    The sales price at the HOA Sale is not commercially reasonable, and not done in

14   good faith, when compared to the debt owed to U.S. Bank on the Valdivia Loan and the fair

15   market value of the Property.

16       **49.**    The HOA Sale by which Buyer took its interest was commercially unreasonable

17   if it extinguished U.S. Bank's Deed of Trust.

18       **50.**    In the alternative, the HOA Sale was an invalid sale and could not have

19   extinguished U.S. Bank's secured interest because it was not a commercially reasonable sale.

20       **51.**    By not providing U.S. Bank, or its agents, servicers or trustees, notice of the

21   correct super-priority amount and a reasonable opportunity to satisfy that amount, including the

22   HOA and HOA Trustee's failure to identify the super-priority amount and their failure to

23   adequately describe the deficiency in payment as required by Nevada law, the HOA Sale is

24   commercially unreasonable and deprived U.S. Bank of its right to due process.

25       **52.**    Pursuant to NRS 116.31162(1) an association may only proceed with foreclosure

26   under NRS 116.31162 – 116.31168 if the declaration or CC&Rs so provide.

27       **53.**    The circumstances of the HOA Sale of the Property breached the HOA's

28   obligation of good faith under NRS 116.1113 and its duty to act in a commercially reasonable

1   manner.

2   **54.**   Upon information and belief, Buyer is in the business of buying and selling real

3   estate and/or is otherwise a professional property purchaser, and either knew or should have

4   known of defects with the HOA Sale and the sales price.

5   **55.**   Upon information and belief, Buyer had actual, constructive and/or inquiry

6   notice of the First Deed of Trust and the CC&Rs including the Mortgagee Protection Clause,

7   and further had no notice of any claimed super-priority lien or the amounts therein.

8   **56.**   Upon information and belief, Buyer knew or should have known that he would

9   not be able to obtain insurable title to the Property as a result of the HOA Sale.

10   **57.**   As a direct and proximate result of the foregoing, Buyer is not entitled to bona

11   fide purchaser protection.

12   **58.**   In the event U.S. Bank's interest in the Property is not reaffirmed nor restored,

13   U.S. Bank suffered damages in the amount of the fair market value of the Property or the unpaid

14   balance of the Valdivia Loan and Deed of Trust, at the time of the HOA Sale, whichever is

15   greater, as a proximate result of Defendants' acts and omissions.

16   **59.**   NRS Chapter 116 is unconstitutional on its face and the HOA Sale is unlawful

17   and void because the "opt-in" provision in NRS 116.3116 does not satisfy Constitutional Due

18   Process safeguards under the 14th Amendment to the United States Constitution, nor Clause 1,

19   Section 8, of the Nevada Constitution.

20   **60.**   NRS Chapter 116 is unconstitutional on its face and the HOA Sale is unlawful

21   and void because the statutory scheme set forth in NRS 116.3116 et seq. constitutes a regulatory

22   taking of private property without adequate compensation.

23   **61.**   NRS Chapter 116 is unconstitutional on its face as it lacks any express

24   requirement for an HOA or its agents to provide notice of a foreclosure to the holder of a first

25   deed of trust or mortgage.

26   **62.**   NRS Chapter 116 is unconstitutional on its face as it lacks any express

27   requirement for an HOA or its agents to provide notice of the super-priority amount, if any, to

28   the holder of a first deed of trust or mortgage or to accept tender of the super-priority amount or

1    any amount from the holder.

2    **63.**    NRS Chapter 116 is unconstitutional on its face due to vagueness and ambiguity.

3    **FIRST CAUSE OF ACTION**

4    **(Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201, NRS 30.010 *et seq*. and NRS**

5    **40.010 *et seq*. versus Buyer and all fictitious Defendants)**

6    **64.**    U.S. Bank incorporates and re-alleges all previous paragraphs, as if fully set

7    forth herein.

8    **65.**    Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq. and NRS 40.010, this Court

9    has the power and authority to declare U.S. Bank's rights and interests in the Property and to

10   resolve Defendants' adverse claims in the Property *et seq.*

11   **66.**    Further, pursuant to NRS 30.010 *et seq*., this Court has the power and authority

12   to declare the rights and interest of the parties following the acts and omissions of the HOA in

13   foreclosing the Property.

14   **67.**    U.S. Bank's Deed of Trust is a first secured interest on the Property as intended

15   by NRS 116.3116(2)(b).

16   **68.**    As the current beneficiary under the Deed of Trust and Valdivia Loan, U.S.

17   Bank's interest still encumbers the Property and retains its first position status in the chain of

18   title for the Property after the HOA Sale and is superior to the interest, if any, acquired by

19   Buyer, or held or claimed by any other party.

20   **69.**    Upon information and belief, Buyer claims an interest in the Property through a

21   Quitclaim Deed recorded in the Washoe County Recorder's Office as Document Number

22   4361566 that is adverse to the Plaintiff's interest.

23   **70.**    Upon information and belief, the Valdivia Loan is a Federal Housing

24   Administration ("FHA") insured loan.

25   **71.**    Title or a mortgage interest in real property held by a federal agency is a federal

26   property that is protected by the U.S. Constitution.

27   **72.**    The Property Clause of the U.S. Constitution applies and prevents Plaintiff's

28   interest through its Deed of Trust from being divested by the HOA Sale.

1   **73.**   The Supremacy Clause of the U.S. Constitution applies and prevents Plaintiff's

2   interest through its Deed of Trust from being divested by the HOA Sale.

3   **74.**   Applying NRS Chapter 116 or other state law in a manner that extinguishes

4   Plaintiff's Deed of Trust would violate the Property and Supremacy Clauses of the United

5   States Constitution.

6   **75.**   Since the Valdivia Loan is an FHA loan, it is a federally protected property

7   interest that cannot be divested by the actions of the Nevada Legislature through NRS Chapter

8   116.

9   **76.**   Upon information and belief, the HOA, HOA Trustee and all fictitious

10   Defendants did not comply with all mailing and noticing requirements stated in NRS 116.31162

11   through NRS 116.31168.

12   **77.**   The CC&Rs for the HOA provide that Plaintiff's Deed of Trust encumbers the

13   Property, even in the event the HOA conducts a sale pursuant to NRS 116.3116 et seq.

14   **78.**   Without providing Plaintiff notice of the correct super-priority amount and a

15   reasonable opportunity to satisfy that amount, including its failure to identify the super-priority

16   amount, its failure to adequately describe the deficiency in payment as required by Nevada

17   statutes, the CC&Rs, and due process to Plaintiff and/or its predecessors was violated, and

18   therefore the HOA Sale is void and should be set aside or rescinded because it was

19   commercially unreasonable and deprived Plaintiff of its right to due process.

20   **79.**   HOA Trustee and/or the HOA failed to provide notice pursuant to the CC&Rs

21   **80.**   Based on the adverse claims being asserted by the parties, U.S. Bank is entitled

22   to a judicial determination regarding the rights and interests of the respective parties to the case.

23   **81.**   For all the reasons set forth above and in the General Allegations, U.S. Bank is

24   entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq.,

25   and NRS 40.010, that U.S. Bank is the beneficiary of a first position Deed of Trust which still

26   encumbers the Property and is superior to the interest held by Buyer, the HOA, and all other

27   parties, if any.

28   **82.**   In the alternative, if it is found under state law that Plaintiff's interest could have

1   been extinguished by the HOA Sale, for all the reasons set forth above and in the General

2   Allegations, Plaintiff is entitled to a determination from this Court, pursuant to NRS 30.010 and

3   NRS 40.010, that the HOA Sale is unlawful and void and conveyed no legitimate interest to

4   Buyer.

5       **83.**     U.S. Bank has furthermore been required to retain counsel and is entitled to

6   recover reasonable attorney's fees for having brought the underlying action.

7                                   **SECOND CAUSE OF ACTION**

8                              **(Preliminary Injunction versus Buyer)**

9       **84.**     U.S. Bank incorporates by reference the allegations of all previous paragraphs, as

10  if fully set forth herein.

11      **85.**     As set forth above, Buyer may claim an ownership interest in the Property that is

12  adverse to U.S. Bank.

13      **86.**     Any sale or transfer of the Property, prior to a judicial determination concerning

14  the respective rights and interests of the parties to the case, may be rendered invalid if U.S.

15  Bank's Deed of Trust still encumbered the Property in first position and was not extinguished

16  by the HOA Sale.

17      **87.**     U.S. Bank has a reasonable probability of success on the merits of the complaint,

18  for which compensatory damages will not compensate U.S. Bank for the irreparable harm of the

19  loss of title to a bona fide purchaser or loss of the first position priority status secured by the

20  Property.

21      **88.**     U.S. Bank has no adequate remedy at law due to the uniqueness of the Property

22  involved in the case.

23      **89.**     U.S. Bank is entitled to a preliminary injunction prohibiting Buyer, its

24  successors, assigns, and agents from conducting a sale, transfer or encumbrance of the Property

25  if it is claimed to be superior to U.S. Bank's Deed of Trust or not subject to that Deed of Trust.

26      **90.**     U.S. Bank is entitled to a preliminary injunction requiring Buyer to pay all taxes,

27  insurance and homeowner's association dues during the pendency of this action.

28      **91.**     U.S. Bank is entitled to a preliminary injunction requiring Buyer to segregate and

1  deposit all rents with the Court or a Court-approved trust account over which Buyer has no
2  control during the pendency of this action.

3    **92.**    U.S. Bank has been required to retain counsel to prosecute this action and is
4  entitled to recover reasonable attorney's fees to prosecute this action.

5                          **THIRD CAUSE OF ACTION**

6                          **(Unjust Enrichment versus Buyer)**

7    **93.**    U.S. Bank incorporates and re-alleges all previous paragraphs, as if fully set
8  forth herein.

9    **94.**    U.S. Bank has been deprived of the benefit of its secured deed of trust by the
10  actions of Buyer.

11    **95.**    Buyer has benefitted from the unlawful HOA Sale and nature of the real
12  property.

13    **96.**    Buyer has benefitted from U.S. Bank's payment of taxes, insurance or
14  homeowner's association assessments since the time of the HOA Sale.

15    **97.**    Should U.S. Bank's Complaint be successful in quieting title against Buyer and
16  successful in setting aside the HOA Sale, Buyer will have been unjustly enriched by the HOA
17  Sale and usage of the Property.

18    **98.**    U.S. Bank will have suffered damages if Buyer is allowed to retain its interests in
19  the Property and the funds received from the HOA Sale.

20    **99.**    U.S. Bank will have suffered damages if Buyer is allowed to retain its interests in
21  the Property and U.S. Bank's payment of taxes, insurance or homeowner's association
22  assessments since the time of the HOA Sale.

23    **100.**    U.S. Bank is entitled to general and special damages in excess of $10,000.00.

24    **101.**    U.S. Bank has furthermore been required to retain counsel and is entitled to
25  recover reasonable attorney's fees for having brought the underlying action.

26                          **FOURTH CAUSE OF ACTION**

27    **(Tortious Interference with Contract versus Buyer and the fictitious Defendants)**

28    **102.**    U.S. Bank incorporates by reference the allegations of all previous paragraphs, as

if fully set forth herein.

103.    At all times mentioned, U.S. Bank had a valid and existing contract with Valdivia, and the contract terms included the power of sale in the Deed of Trust.

104.    The Deed of Trust evidencing the contract was and is a matter of public record, and therefore known to the HOA, HOA Trustee, the Buyer, and fictitious Defendants.

105.    U.S. Bank's contractual rights to enforce the power of sale have been disrupted and frustrated through Defendants' actions.

106.    As an actual and proximate result of the Defendants' actions and inactions, U.S. Bank has sustained damages in excess of $10,000.00.

107.    As an actual and proximate result of the Defendants' actions and inactions, U.S. Bank has sustained special damages, in the form of costs and attorney's fees, in an amount not yet liquidated, to defend its rights under the Deed of Trust in this action.

## PRAYER

Wherefore, U.S. Bank prays for judgment against the Defendants, jointly and severally, as follows:

1.    For a declaration and determination that U.S. Bank's interest is secured against the Property, and that U.S. Bank's first Deed of Trust was not extinguished by the HOA Sale;

2.    For a declaration and determination that U.S. Bank's interest is superior to the interest of Buyer, the HOA, and fictitious Defendants;

3.    For a declaration and determination that the HOA Sale was invalid to the extent it purports to convey the Property free and clear to Buyer;

4.    In the alternative, for a declaration and determination that the Foreclosure Deed was invalid and conveyed no legitimate interest to Buyer;

5.    For a preliminary injunction that Buyer, its successors, assigns, and agents are prohibited from conducting a sale or transfer of the Property;

6.    For a preliminary injunction that Buyer, its successors, assigns, and agents pay all taxes, insurance and homeowner's association dues during the pendency of this action.

7.    For a preliminary injunction that Buyer, its successors, assigns, and agents be

1 | required to segregate and deposit all rents with the Court or a Court-approved trust account over

2 | which Buyer has no control during the pendency of this action.

3 |       8.     If it is determined that U.S. Bank's Deed of Trust has been extinguished by the

4 | HOA Sale, for special damages in the amount of the fair market value of the Property or the

5 | unpaid balance of the Valdivia Loan and Deed of Trust, at the time of the HOA Sale, whichever

6 | is greater;

7 |       9.     For general and special damages in excess of $10,000.00;

8 |     10.    In the alternative, for restitution in excess of $10,000.00;

9 |     11.    For attorney's fees;

10 |     12.    For costs of incurred herein, including post-judgment costs;

11 |     13.    For any and all further relief deemed appropriate by this Court.

12 |

13 | DATED this _5th_ day of October, 2015.

14 |

15 |                      WRIGHT, FINLAY & ZAK, LLP

16 |

17 |                      Christopher Swift, Esq.

18 |                      Nevada Bar No. 11291

19 |                      7785 W. Sahara Ave., Suite 200
                        Las Vegas, Nevada 89117

20 |                      (702) 666-0632; Fax: (702) 946-1345
                        Attorneys for Plaintiff,

21 |                      GMAT LEGAL TITLE TRUST 2013-1, U.S.
                        BANK, NATIONAL ASSOCIATION, AS

22 |                      LEGAL TITLE TRUSTEE

23 |

24 |

25 |

26 |

27 |

28 |

**AFFIRMATION**
Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding **U.S. BANK'S COMPLAINT FOR QUIET TITLE** filed in Case **does not** contain the social security number of any person.

DATED this ____ day of October, 2015.

WRIGHT, FINLAY & ZAK, LLP

Christopher A.J. Swift, Esq.
Nevada Bar No. 11291
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
(702) 666-0632; Fax: (702) 946-1345
*Attorney for Plaintiff,*
*GMAT LEGAL TITLE TRUST 2013-1, U.S. BANK,*
*NATIONAL ASSOCIATION, AS LEGAL TITLE*
*TRUSTEE*