1  WRIGHT, FINLAY & ZAK, LLP
   Edgar C. Smith, Esq.
2  Nevada Bar No. 05506
   Rock K. Jung, Esq.
3  Nevada Bar No. 10906
4  7785 W. Sahara Ave., Suite 200
   Las Vegas, NV 89117
5  (702) 475-7964; Fax: (702) 946-1345
   rjung@wrightlegal.net
6  *Attorneys for Plaintiff, GMAT Legal Title Trust 2013-1, U.S. Bank, National Association, as*
7  *Legal Title Trustee*

8                   **UNITED STATES DISTRICT COURT**

9                   **FOR THE DISTRICT OF NEVADA**

10

| | |
|---|---|
| GMAT LEGAL TITLE TRUST 2013-1, U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE, | Case No.: 3:15-cv-00518-MMD-WGC |
| Plaintiff, | **PLAINTIFF'S MOTION TO AMEND COMPLAINT AND CAPTION** |
| vs. | |
| SFR INVESTMENT POOL 1, LLC; DOES I through X, inclusive; and ROE CORPORATIONS I through X, | |
| Defendants. | |

18

19             <u>MOTION TO AMEND COMPLAINT AND CAPTION</u>

20       **I.       INTRODUCTION**

21           Plaintiff GMAT LEGAL TITLE 2013-1, U.S. BANK NATIONAL ASSOCIATION, AS

22  LEGAL TITLE TRUSTEE (hereinafter "U.S. Bank" or "Plaintiff"), by and through their

23  attorneys of record, Edgar C. Smith, Esq. and Rock K. Jung, Esq., of the law firm of Wright,

24  Finlay & Zak, LLP, hereby moves for leave to amend its Complaint and to amend the caption to

25  reflect the new parties.

26       **II.      ARGUMENT**

27           Federal Rules of Civil Procedure ("F.R.C.P.") 15(a)(2), 15(d) and 20 in federal court

28  permits a party to amend its pleading by leave of court and states that "leave shall be freely given

1    when justice so requires." F.R.C.P. 15(a).  The Ninth Circuit has similarly held that the policy of

2    freely granting leave to amend "is to be applied with extreme liberality." *Owens v. Kaiser Found.*

3    *Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  "In exercising its discretion a court must

4    be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits rather than

5    on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.

6    1987)).  Therefore, a party shall be given leave to amend freely provided there is no existing bad-

7    faith factors such as undue delay, bad faith or dilatory motive on the part of the movant seeking

8    leave. *3* MOORE'S FEDERAL PRACTICE - CIVIL § 15.14 (2011) (analyzing F.R.C.P. 15(a) and

9    stating that "[d]enial of leave to amend is disfavored; and a district judge should grant leave

10   absent a substantial reason to deny").

11          Here, applying these well-established principles, the Court should grant Plaintiff's

12   request for leave to amend.  Justice requires leave to amend, as the subject HOA and its sales

13   trustee proceeded to sell the Property without, *inter alia*, proper notice and also including

14   improper fees. Further, the Nevada Supreme Court's recent decision in Horizons at Seven Hills

15   Homeowners Association v. Ikon Holdings, LLC, 132 Nev. Adv. Op. 35 (April 28, 2016)

16   ("Ikon") and Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp,

17   Inc., 132 Nev. Adv. Op. 5 (Jan. 28, 2016) ("Shadow Wood")has substantially changed the law

18   of HOA sales, regarding recitals, amounts that comprise the super-priority lien portion, and the

19   pleadings should appropriately be amended to reflect the state of the law after that decision.

20   Plaintiff's current action against just Defendant SFR INVESTMENTS POOL 1, LLC, is

21   untenable as it stands, as colorable claims also exist against the HOA (White Lake Ranch

22   Association) and its sales trustee/agent (Kern & Associates, Inc. and Phil Frink & Associates,

23   Inc.).  In the Shadow Wood case, an end was brought to the past arguments by buyers that relied

24   solely on the recitals in an HOA foreclosure deed to establish quiet title in favor of the buyer.

25   Plus the Shadow Wood decision demonstrates genuine issues of material fact related to fees and

26   costs, commercial reasonableness, and the circumstances surrounding the HOA Sale need to be

27   explored in discovery.  Meanwhile, in the Ikon case, the Nevada Supreme court stated that the

28

1   super-priority lien is ONLY 9 months of dues and nothing more.  Thus, the Court soundly

2   rejected the HOA's argument that they must be able to have collection fees and costs.

3       These recent developments as well as the fact that Plaintiff, HOA and the HOA Trustees

4   are still waiting to have a NRED mediation scheduled, makes vital the allegations in Plaintiff's

5   Amended Complaint that White Lake Ranch Association and its agents- Kern & Associates, Inc.

6   and Phil Frink & Associates, Inc. ("HOA Trustees") - failed to properly notify Plaintiff that it

7   was foreclosing on the superpriority portion of its lien, and that it further failed to identify or

8   provide the super-priority amount in any of its notices. *See* attached as Exhibit "A", Plaintiff's

9   proposed Amended Complaint.  Moreover, the Court stated that lenders should have a right to

10   pay off an HOA delinquent assessment lien to protect its interest. *Id.* at 414 ("U.S. Bank could

11   have paid off the [HOA] lien to avert loss of its security.").

12       As discussed earlier, in evaluating a request for leave to amend, courts examine such

13   factors as undue delay, bad faith, or dilatory motive and whether they are present.  Those factors

14   or reasons are simply not present here.  Plaintiff's request to amend the pleadings is timely as

15   only limited discovery has been commenced, settlement negotiations have commenced between

16   Plaintiff and SFR, and Plaintiff did not unreasonably delay in bringing this motion as it was first

17   seeking to complete the NRS Ch. 38 mediation.  Furthermore, this request is not made in bad

18   faith or for any dilatory motive. To the contrary, Plaintiff is seeking leave to amend to ensure

19   that this case may be evaluated on its merits in light of a recent change in circumstances and in

20   the law. *See* 3 MOORE'S FEDERAL PRACTICE - CIVIL § 15.14 (discussing F.R.C.P. 15(a) and

21   noting that "a court should allow amendments to ensure that all the issues are before the court").

22       In addition, the clear benefits of streamlining adjudication of common facts and related

23   issues weigh heavily in favor of permitting amendment, as joining all of the relevant parties and

24   adjudicating all claims in one action will benefit judicial economy, save the parties time and

25   resources, and enable a thorough and conclusive determination of the parties' contentions.

26       Plaintiff also requests that the Court amend the caption to reflect the change in parties as

27   shown in Plaintiff's proposed Amended Complaint, attached hereto as Exhibit "A".

28

1

### III.   CONCLUSION

2      For these reasons, Plaintiff respectfully requests leave to amend its Complaint in this

3  matter, and for an Order of the Court amending the caption to reflect the change in parties.

4      Dated: July 8, 2016.

5                                          WRIGHT, FINLAY & ZAK, LLP

6

7                                          /s/ Rock K. Jung, Esq.
                                           Rock K. Jung, Esq.
8                                          Nevada Bar No. 10906
                                           7785 W. Sahara Ave., Suite 200
9                                          Las Vegas, NV 89117
10                                         *Attorneys for Plaintiff, GMAT Legal Title Trust
                                           2013-1, U.S. Bank, National Association, as Legal*
11                                         *Title Trustee*

12

13                          **CERTIFICATE OF SERVICE**

14      I HEREBY CERTIFY that I am an employee of WRIGHT, FINLAY & ZAK, LLP;

15  that service of the foregoing **PLAINTIFF'S MOTION TO AMEND COMPLAINT AND**

16  **CAPTION** was made on this 8 day of July, 2016, to all parties and counsel as identified on

17  the Court-generated Notice of Electronic Filing system, and/or by depositing a true and correct

18  copy in the United States mail, addressed to the following:

19

20  Diana S. Cline Ebron, Esq.
    HOWARD KIM & ASSOCIATES
21  1055 Whitney Ranch Drive, Suite 110
    Henderson, Nevada 89014
22  *Attorney for Defendant, SFR*
    *Investments Pool 1, LLC*

23

24

25

26                          An Employee of WRIGHT, FINLAY & ZAK, LLP

27

28