# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GMAT LEGAL TITLE TRUST 2013-1,
U.S. BANK, NATIONAL ASSOCIATION,
AS LEGAL TITLE TRUSTEE,

    Plaintiff,

    vs.

SFR INVESTMENTS POOL 1, LLC, *et al.*,

    Defendants.

3:15-cv-00518-MMD-WGC

**ORDER**

Re: ECF No. 52

Before the court is the motion of Plaintiff GMAT Legal Title Trust 2013-1, U.S. Bank, N.A., (U.S. Bank) to substitute Bank of America, N.A., (BANA) as the party plaintiff (ECF No. 52). Defendant SFR Investments Pool 1, LLC, (SFR) has opposed (ECF No. 53); Plaintiff has replied (ECF No. 54).

U.S. Bank's motion is predicated upon the representation that U.S. Bank no longer has any interest in the real property or deed of trust which is the subject of this litigation. (ECF No. 52.) U.S. Bank represents all of its interests have been assigned to BANA. (*Id.* at 2; Exh. A: 52-1 at 2-3.) As such, U.S. Bank states BANA is the real party interest, that the case will be henceforth prosecuted by BANA, that all claims asserted by Defendants against U.S. Bank will be assumed by BANA, and that after the substitution is affected, U.S. Bank's role in this case will come to a close.

In a rather lenthy opposition, SFR argues that the motion to substitute parties should be denied "because neither [U.S. Bank] nor Bank of America, N.A., have sufficiently demonstrated an interest in the Deed of Trust. SFR contends BANA's predecessor U.S. Bank has not produced satisfactory documentation reflecting any ownership or entitlement interest for either U.S. Bank or BANA.

(ECF No. 53 at 1-2.) Numerous exhibits are included with SFR's opposition to bolster its argument that "[g]iven the current state of uncertainty, and frankly, utter lack of competent evidence that BANA has any interest in the Deed of Trust, this court should deny the Motion because both Plaintiff and BANA have failed to establish that any interest was transferred, let alone a sufficient interest in the subject matter of this litigation." (ECF No. 53 at 2,4.)

U.S. Bank's reply memorandum (ECF No. 54) notes that the current lawsuit "does not seek to enforce the note against SFR" and again asserts that the recorded assignment (ECF No. 52-1, 2) adequately demonstrates BANA is the recorded beneficiary of the deed of trust." (ECF No. 54.) U.S. Bank contends SFR's argument that "the signer or an earlier assignment did not have authority to sign on behalf of the assignor" is not supported by any evidence. (*Id.* at 2.)

The court recognizes SFR's argument about the validity of the claims of either U.S. Bank or BANA. However, SFR's opposition would be better suited to a motion for summary judgment than in an opposition to an attempt to substitute parties to bring in the real party in interest. The application of Fed. R. Civ. P. 25(c), pertaining to substitution of parties, would not change the court's evaluation of the merits of the case. *See, e.g., Rodriguez-Miranda v. Benin*, 829 F.3d 29 (1st Cir. 2016). As was stated in *Benin*, ". . . the rule serves as a procedure mechanism to bring a successor in interest into court when 'it has come to own the property in issue.' *Negron-Almeda v. Santiago*, 579 F.3d 45, 53 (1st Cir. 2009, quoting *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003)." 829 F.3d at 41.

As such, the court views U.S. Bank's motion as merely an attempt to bring the real party in interest, i.e., BANA, before the court. U.S. Bank's motion does not seek to assert any declaration of which entity to this lawsuit has any identifiable interest in the property - just that from the Plaintiff's standpoint, whatever interest some entity has in the property should be pursued henceforth by BANA, not U.S. Bank.

/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS THEREFORE ORDERED** that GMAT Legal Title Trust 2013-1, U.S. Bank, N.A.'s Motion (ECF No. 52) is **GRANTED**. Bank of America, N.A., is hereby substituted as the real party interest as Plaintiff in this matter and U.S. Bank's role in this litigation is terminated. All claims previously asserted against U.S. Bank are assumed by Bank of America, N.A.

**IT IS SO ORDERED.**[1]

DATED: February 20, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[1] The court is somewhat troubled by the absence of any documentation by BANA that it consents to the substitution. However, the court accepts counsel's representation that "[a]ll claims previously asserted by U.S. Bank against Defendant will be assumed by BANA. (ECF No. 52 at 2.)