# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | 3:15-cv-00518-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 66 |
| SFR INVESTMENTS POOL 1, LLC, and WHITE LAKE RANCH ASSOCIATION, | |
| Defendants. | |

Before the court is Plaintiff Bank of America, N.A.'s (BANA) Motion for Protective Order re: SFR Investments Pool 1, LLC's (SFR) Notice of Rule 30(b)(6) Deposition (ECF No. 66). SFR has opposed Plaintiff's motion (ECF No. 74) and BANA has replied (ECF No. 78). BANA's motion pertains to three (3) specific 30(b)(6) deposition "topics" identified by SFR, i.e., topics 5, 8 and 9, discussed in greater detail below.

Plaintiff states this is the *fifth* case in which BANA has had to file a motion for protective order to prevent SFR from inquiring into the three noticed deposition topics. Plaintiff attaches copies of orders entered by Magistrate Judges Koppe, Foley, Leen and Hoffman who granted BANA's related motions *in full* as to these three deposition topics *(see* Exhibits B, C, D and E attached to Plaintiff's motion), as follows:

Judge Koppe granted BANA's motion for protective order in full on March 14, 2018, in *Bank of Am., N.A. v. Lake Mead Ct. Homeowners Ass'n*, Case No. 2:16-cv-00504-GMN-NJK. (Ex. B)

/ / /

Judge Foley granted BANA's motion for protective order in full on March 19, 2018, in *Bank of Am., N.A. v. Azure Manor/Rancho del Paz Homeowners Ass'n*, Case No. 2:16-cv-00764-GMN-GWF. (Ex. C)

Judge Leen granted BANA's motion for protective order in full on March 27, 2018, in *Bank of Am., N.A., successor by merger to BAC Home Loans Servicing, LP v. Travata and Montage at Summerlin Centre Homeowners' Ass'n*, Case No. 2:16-cv-00699-GMN-PAL. Judge Leen did not enter a written order, but the minutes reflect the court adopted Judge Koppe's order in its entirety. (Ex. D)

Judge Hoffman granted BANA's motion for protective order in full in April 5, 2018, in *Bank of Am., N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP v. Falcon Pointe Ass'n*, Case No. 2:16-cv-00814-GMN-CWH. No written order was entered, but the minute order reflects the court granted BANA's motion in full. (Ex. E)

Plaintiffs motion pertains to three "topics" in the SFR Amended Notice of its 30(b)(6) deposition about which the parties, after conducting the requisite "meet and confer," could not reach agreement: Topics 5, 8 and 9. (ECF No. 66-1 at pp. 10-12.) Those topics and a summary of the areas of dispute regarding those topics are similar if not identical to that discovery addressed in the aforementioned cases, as follows:

**Topic 5:** Topic 5 requires BANA produce a witness to testify concerning " Any and all damages You allege You suffered as a result of [White Lake Ranch's] foreclosure and/or as a consequence of any claim You made against SFR and/or [White Lake Ranch]". (ECF No. 66-1 at 10.)

SFR claims BANA must testify on this topic because it is "relevant to equitable balancing," and allowing SFR to inquire into BANA's damages will avoid the need for White Lake Ranch to take BANA's deposition. (ECF No. 74 at 3-4.) Plaintiff states these arguments are unavailing. BANA does not seek damages against SFR and pled its wrongful foreclosure and breach of NRS 116.1113 claim in the alternative in any event. SFR states a showing of the damages that the Bank alleges is relevant to show the injury-in-fact necessary for standing and for the Bank's claims against the Association.

As Magistrate Judge Koppe concluded in her discovery ruling regarding *Bank of Am., N.A. v. Lake Mead Ct. Homeowners Ass'n*, "SFR appears to be confusing 'damages' with 'injury in fact.' An injury in fact clearly exists here, as do the other standing requirements. . . . [BANA] does not seek

damages against SFR and [BANA] is not required to testify it incurred damages in order to have standing in this matter. . . ." (Ex. B at pp. 2-3.) This court embraces Judge Koppe's rationale and conclusion.

**Topic 8:** Topic 8 requires a BANA witness to testify about "All facts and circumstances surrounding [its] acquisition of interest in the Deed of Trust and/or underlying promissory note, including but not limited to: a) the amount You paid for Your interest in the Deed of Trust; b) Your knowledge of the MERS milestones for the Deed of Trust; c) Your knowledge of any purchase agreement applicable to the Deed of Trust between You and the entity from which You purchased Your interest in the loan underlying the Deed of Trust; and d) Your knowledge of any pooling and servicing agreement applicable to the Deed of Trust." (ECF No. 66-1 at 11.)

BANA claims topic 8 is overbroad and seeks irrelevant information. It argues that the underlying issue here is whether White Lake Ranch's sale extinguished BANA's deed of trust. Aside from the recorded documents themselves, information related to the transactions through which BANA obtained an interest in the note or deed of trust (*i.e.,* the amount BANA paid for its interest in the property and the underlying purchase agreement, if any) is not relevant, especially given the breadth of this topic seeking "all facts" surrounding BANA's "acquisition" of an interest in the deed of trust and underlying note, and the overbroad definition of the term "You" and "Your."

SFR states that the facts and circumstances surrounding the Bank's acquisition of interest in the Deed of Trust is relevant to SFR's claims. SFR states the purpose of its request here is to assure the Bank has standing in this action and other similar cases to which an order may apply. SFR suggests that it is a matter of public record that banks and other alleged mortgage holders and servicers engaged in serious misconduct that drew into question the validity of documentation underlying their property transactions. (ECF No. 74 at 4-7.)

Once again, the undersigned will refer to and adopt Judge Koppe's reasoning on deposition Topic 8:

> "As explained in another case by United States District Judge Miranda M. Du in denying a request for discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, Plaintiff 'is not seeking to enforce the note in this action; rather, it seeks a declaration that is the beneficiary of the DOT and mortgage loan and that these still encumber the Property." *PHH Mortg. Corp. v. SFR Investments Pool 1, LLC*, 2018 WL 547230, at *2 (D. Nev. Jan. 24, 2018). It suffices for purposes of this litigation for

Plaintiff to provide the Court with a copy of the deed of trust and a copy of the assignment of the deed of trust to Plaintiff. *See id.; see also Bank of Am., v. SFR Investments Pool 1, LLC*, testimony regarding the price the bank paid to secure its interest in the deed of trust was irrelevant). In this case, has done so and has also agreed to produce a witness to identify its interest. *See* Docket No. 70 at 6. The Court agrees with Plaintiff that further discovery on this issue is irrelevant." *Bank of Am., N.A. v. Lake Mead Ct. Homeowners Ass'n*, *supra*, ECF No. 81 at 3-4.

Accordingly, the court grants the motion for protective order as to Topic 8.

**Topic 9:** Topic 9 demands BANA produce a witness to testify concerning: "Your knowledge regarding creation, execution and recording of the assignments of the Deed of Trust, including Your knowledge of any power of attorney referenced or relief upon in creation of said assignments." (ECF No. 66-1 at 11.)

BANA claims topic 9 is overbroad and seeks irrelevant information.

SFR states BANA's knowledge regarding the creation and recording of assignments is relevant to the ownership of the deed of trust. BANA argues that SFR's demands that BANA produce a witness to testify on BANA's creation, execution, and recording of the assignments of the deed of trust is irrelevant to the HOA foreclosure and is also disproportionate to the needs of the case. SFR contends this is inaccurate and the Bank has provided no declaration from the Bank explaining how it would be difficult to provide testimony on this topic. (ECF No. 74 at pp. 7-8.)

And once again, the court will embrace Judge Koppe's analysis of this component of the discovery dispute relating to Topic 9:

> "The third dispute relates to SFR's desire to obtain Plaintiff's deposition testimony regarding its "knowledge regarding [the] creation, execution and recording of the assignments of the Deed of Trust." Docket No. 70-1 at 11. Similar to its position with respect to Topic 8, has agreed to testify as to its status as record deed of trust beneficiary and to lay the foundation for the authenticity of the recorded assignment, but Plaintiff argues that the testimony sought otherwise lacks any nexus to the issues in this case. Docket No. 70 at 7. As such, Plaintiff explains that the deposition topic amounts to a expedition in search of some currently unavailable defense. *See* Docket No. 70-1 at 5. SFR counters that the testimony may reveal a defect in the assignment. Docket No. 71 at 7. has the better argument.
>
> District courts need not condone the use of discovery to engage in fishing expeditions. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004). It is axiomatic that a party is not entitled to make accusations without basis and then use the discovery process in the hope of uncovering such a basis. *See, e.g.*, *Rodriguez v. Quality Loan Serv. Corp.*, 2010 WL

1644695, at *2 (D. Ariz. Apr. 22, 2010).[1] This already-settled proposition is reenforced by the 2015 amendments to the discovery rules, which were meant to curb the culture of scorched earth litigation tactics by emphasizing the importance of ensuring that the discovery process "provide[s] parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016).

With respect to this deposition topic, SFR does not contend that the subject matter is currently at issue in this case. Instead, it argues that the deposition testimony may "cause the assignments, and the bank's interest in the property, *to be at issue*." Docket No. 71 at 7 (emphasis added). The speculative hope that discovery may be helpful in formulating a currently-unavailable defense is simply not sufficient to justify that discovery. This is not "twisted logic" as SFR contends, *id.*, but rather a well-settled principle that parties should not be subjected to fishing expeditions."

Accordingly, the court grants the motion for protective order as to Topic 9.

## CONCLUSION

This court adopts the rationale, findings and conclusions of Judges Koppe, Foley, Leen and Hoffman wherein BANA's motions for protective orders were granted on identical discovery topics.

In that regard, **IT IS HEREBY ORDERED** that BANA's Motion for Protective Order (ECF No. 66) is **GRANTED**.

**IT IS FURTHER ORDERED** that the hearing scheduled in this matter on **Thursday, June 7, 2018, at 1:30 p.m.** is **VACATED**.

DATED: June 4, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[1] This issue arises most commonly when a seeks discovery without a sufficient factual basis alleged in the complaint, *see, e.g., Aschroft v. Iqbal*, 556 U.S. 662, 678-79 (U.S. 2009) (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"), but the same prohibition applies when a defendant seeks discovery based on speculation about the existence of a potential defense, *see, e.g., MP Nexlevel, of Cal., Inc. v. CVIN, LLC*, 2016 WL 1408459, at *4 (E.D. Cal Apr. 11, 2016) (finding discovery to be an improper "fishing expedition" when the defendant was "searching for something improper that might give right to a potential defense, rather than following a lead indicating that impropriety will be found").