UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>SFR INVESTMENTS POOL 1, LLC; and<br>WHITE LAKE RANCH ASSOCIATION,<br><br>　　　　　　　Defendants. | Case No. 3:15-cv-00518-MMD-WGC<br><br>ORDER |
| SFR INVESTMENTS POOL 1, LLC,<br><br>　　Counterclaimant/Cross-Claimant,<br><br>　　v.<br><br>BANK OF AMERICA, N.A.; JAIME A.<br>VALDIVIA, an individual; NARCIZA M.<br>IGLESIAS, an individual; VICTOR<br>BERNAL-ANGUIANO, an individual,<br><br>　　Counter-Defendant/Cross-Defendants. | |

## I.   SUMMARY

This dispute arises from the foreclosure sale ("HOA Sale") of real property located at 20942 White Rock Drive, Reno, NV, 89506; Parcel No. 556-063-01 ("Property") to satisfy a homeowners' association lien. (*See, e.g.*, 61 (First Amended Complaint ("FAC") at 2; 109 at 2.) Two motions are currently pending before the Court. In the first motion, Crossclaimant/Counter-Claimant SFR Investments Pool 1, LLC ("SFR") moves for summary judgment on its counterclaims for declaratory relief/quiet title and injunction (ECF No. 63 at 17–18) and on all claims Plaintiff/Counter-Defendant Plaintiff Bank of America, N.A.'s ("BANA") asserts (ECF No. 61). (ECF No. 109 at 2.) In the second motion, BANA seeks partial summary judgment on its quiet title/declaratory relief claim and all

counterclaims SFR asserts. (ECF No. 110 at 1.) For the following reasons, the Court grants SFR's motion and denies BANA's motion.[1]

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.[2]

Jaime A. Valdivia, Narciza M. Iglesias, and Victor Bernal-Anguiano ("Borrowers") financed the purchase of the Property within the HOA with a $210,585 loan ("Loan") in 2008. (ECF No. 110-1 at 3.) The Loan was secured by a first deed of trust ("DOT"). (*See id.*) The DOT was first assigned to BANA in 2009 via merger with BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP. (ECF No. 110-3 at 2–4; *see also* ECF No. 110 at 3 n.2.) BANA is also the current beneficiary under the DOT, as of July 2017. (ECF No. 110-3 at 10–11.)

The Borrowers failed to pay HOA assessments, and the HOA recorded the following notices through its agents, Gayle A. Kern, Ltd. d/b/a Kern & Associates, Ltd. ("Kern") and Phil Frink & Associates, Inc. ("Frink"): (1) notice of delinquent assessment lien on January 21, 2011 (ECF No. 110-4); and (2) notice of default and election to sell on April 19, 2011 (ECF No. 110-5).

On September 18, 2012, BANA's agent (the law firm of Miles, Bauer, Bergstrom & Winters, LLP ("Miles Bauer")) sent a letter to Frink asking it to identify the superpriority amount of the HOA lien.[3] (ECF No. 110-6 at 3, 5–6, 9.) Frink did not respond. (*Id.* at 3; ECF No. 110 at 8.)

///

---

[1]The Court has also reviewed BANA's errata to its motion (ECF No. 111), as well as the parties' responses (ECF Nos. 112, 113) and replies (ECF Nos. 114, 115).

[2]The Court takes judicial notice of ECF Nos. 110-1, 110-3, 110-4, 110-5, 110-7, 110-8, and 110-9 as they are records from the Washoe County Recorder's office. *See, e.g.*, *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201).

[3]BANA offers the affidavit of Douglas E. Miles ("Douglas Affidavit"), a managing partner with Miles Bauer, who authenticated Miles Bauer's business records and explained the information contained within Miles Bauer's records attached to his affidavit. (ECF No. 110-6 at 2–3.)

2

The HOA then proceeded with its HOA Sale. The HOA recorded a notice of HOA Sale on October 2, 2012. (ECF No. 110-7.) The HOA purchased the Property at its own HOA Sale on November 14, 2012, for $600. (ECF No. 110-8.) In April 2014, the HOA sold the Property to SFR. (ECF Nos. 110-9, 110-12.)

In its FAC, BANA asserts the following claims: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against the HOA; (3) wrongful foreclosure against the HOA; and (4) injunctive relief against SFR. (ECF No. 61 at 7–15.) In the prayer for relief, BANA primarily requests an order declaring SFR took the Property subject to BANA's DOT. (*Id.* at 16.) SFR asserts counterclaims for declaratory relief/quiet title and injunction. (ECF No. 63 at 17–18.)

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the

material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**IV.    DISCUSSION**

As an initial matter, the Court addresses SFR's contention that BANA's tender argument is time-barred. The Court will then address the merits of the parties' arguments. Upon considering these matters, the Court finds that BANA's assertion of tender is not time-barred but nonetheless BANA's claims fail on their merits. The Court therefore grants summary judgment in favor of SFR.

**A.    Statute of Limitations**

SFR argues that BANA's assertion of tender is barred by a three-year statute of limitations and does not relate back to BANA's original complaint. (ECF No. 109 at 7–15; *see also* ECF Nos. 1 (original complaint), 61 (FAC).) As to the latter, SFR specifically contends that the original complaint is devoid of any mention of "tender" payment or allegation that BANA paid the superiority amount and therefore BANA's assertions regarding its offer of tender in the FAC does not relate back to the original complaint. (ECF 109 at 10; ECF No. 61 at 6.) BANA counters that its assertion of tender is not subject to a statute of limitations period because it is a legal defense theory—not a claim. (ECF No. 112 at 3–4.) BANA posits that even if it was a claim, its assertion of tender is (1) timely;

4

1  (2) relates back to BANA's original complaint filed on October 15, 2015; or (3) should be
2  equitably tolled. (ECF No. 112 at 4–7.)

3  The Court agrees with BANA that its assertion of tender is not a separate cause of
4  action that is subject to a statute of limitations. To be clear, BANA's assertion of tender is
5  integral to its declaratory relief/quiet title claim which SFR does not contend is untimely.
6  The Court finds that BANA's tender argument is tantamount to an affirmative defense—
7  which may be asserted for the first time at summary judgment absent a showing of
8  prejudice. *See, e.g.*, *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993). SFR does
9  not argue that it is prejudiced by BANA's tender argument. Accordingly, the Court finds
10 that BANA's assertion of tender is not time-barred.

11 Moreover, the Court concludes that BANA did in fact raise the tender issue in its
12 original complaint. There[4]—including under its declaratory relief/quiet title claim—BANA
13 more than once contended that the HOA failed to provide BANA with notice of the
14 superiority amount and a reasonable opportunity to satisfy that amount. (*See, e.g.*, ECF
15 No. 1 at 7, 10.) As discussed *infra*, the foregoing is the gist of BANA's tender argument
16 here. Because the Court finds that BANA's assertion of tender is not "time-barred," the
17 Court need not address the alternative relation back and equitable tolling arguments. The
18 Court now turns to the merits.

19 **B. The Merits**

20 SFR argues that it is entitled to summary judgment because the HOA Sale
21 extinguished BANA's DOT. (ECF No. 109 at 2, 8, 15.) BANA argues, *inter alia*, that SFR
22 is not entitled to summary judgment because (1) BANA's satisfactorily tendered the
23 superiority amount to preserve the DOT; (2) NRS § 116.3116 is unconstitutional—facially
24 and as applied; (3) equitable relief is warranted to set aside or reform the HOA Sale; and
25 ///

---

[4]While the Court need not reach the issue here, the Court notes that BANA's quiet title/declaratory relief claim is subject to a five-year statute of limitations—not the three years SFR purports apply here. *See, e.g.*, *See Goldsmith Enters., LLC v. U.S. Bank, N.A.*, No. 2:15-cv-00991-MMD-PAL, 2017 WL 4172266, at *3 (D. Nev. Sept. 20, 2017) (citation omitted).

1 | (4) NRS Chapter 116 is preempted by the Supremacy Clause of the U.S. Constitution.
2 | (ECF No. 110 at 7–22; ECF No. 114 at 4–5.) The Court finds BANA's arguments
3 | unpersuasive and agrees with SFR that the HOA Sale extinguished BANA's DOT. *See*
4 | *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 413 (2014) ("*SFR I*") (holding that foreclosure
5 | sale on the superpriority portion of an HOA lien extinguishes all prior security interests).
6 | The Court addresses BANA's arguments below.[5]

### 1. Tender

BANA argues that it is entitled to summary judgment because it tendered the correct amount to satisfy the superpriority lien. (ECF No. 110 at 7–11; *see also* ECF No. 112 at 1, 3 (incorporating BANA's partial summary judgment arguments into its response to SFR's motion for summary judgment).) SFR argues that there was no tender because BANA never actually paid any money. (ECF No. 113 at 6; ECF No. 115 at 1.) The Court agrees with SFR.

A mere offer to pay the superpriority amount—without a corresponding rejection of the offer by the HOA—is insufficient to discharge the superpriority lien. *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, No. 73785, 2019 WL 1087513, at *1 (Mar. 7, 2019). BANA does not argue that the HOA rejected its offer. Rather, BANA asserts that the HOA simply did not respond. (ECF No. 110 at 8.).

BANA nevertheless argues that an offer to pay coupled with the present ability to pay is sufficient tender. (*Id.* at 8–11.) The Court is unpersuaded by this argument. The Nevada Supreme Court implicitly rejected this argument in *Thomas Jessup*, where the court cited numerous cases that required more than an offer to pay coupled with the present ability to pay to satisfy the obligation for which tender is made. 2019 WL 1087513, at *1.

BANA further argues that it was excused from submitting a tender due to the HOA's obstruction of its efforts to obtain the superpriority/payoff amount. (*Id.* at 11–12.) However,

///

---

[5]BANA's arguments regarding SFR's status as a bona fide purchaser (ECF No. 110 at 26–29) are moot because the HOA Sale extinguished the DOT.

the Court disagrees with BANA that the HOA's failure to respond to its inquiry of an amount to satisfy tender amounts to deliberate obstruction. The Court thus rejects BANA's argument that it tendered the superpriority amount. Said differently, BANA's attempted tender did not preserve its DOT in this instance.

### 2. Constitutionality of NRS § 116.3116

BANA argues that NRS § 116.3116 is unconstitutional facially and as applied because the pre-2015 version of NRS § 116.3116 did not require constitutionally adequate notice. (ECF No. 110 at 13–18.) SFR argues that NRS § 116.3116 is constitutional. (ECF No. 113 at 11–17.) This Court has already rejected BANA's argument, as set forth in *Bank of N.Y. Mellon v. Log Cabin Manor Homeowners Ass'n*, No. 2:15-cv-02026-MMD-CWH, 2019 WL 302489, at **2–4 (D. Nev. Jan. 23, 2019). The Court likewise rejects the argument here.

### 3. Equitable Relief

BANA further argues that the Court should grant it equitable relief under *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon ("Shadow Canyon")*, 405 P.3d 641, 643, 648 (Nev. 2017) for unfairness. (ECF No. 110 at 18–22.)

The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp. ("Shadow Wood")*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *Shadow Canyon*, 405 P.3d at 643 (also stating inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression").

BANA argues that the HOA Sale was unfair for multiple reasons: (1) the Property's sale price at the HOA Sale was extremely low—$600; (2) BANA attempted to tender the superpriority amount, but the HOA prevented BANA from satisfying the superiority amount by not identifying the amount and failing to respond to BANA's request for that information;

(3) the HOA represented in the covenants, conditions, and restrictions ("CC&Rs") that the foreclosure sale would not extinguish the DOT; and (4) the HOA failed to provide BANA with adequate notice of the means to cure. (ECF No. at 18–22.) SFR contends that none of these demonstrate fraud, oppression, or unfairness. (ECF No. 1133 at 21–24.)

The Court agrees with SFR. First, low price alone does not render the HOA Sale inequitable. *See, e.g.*, *Shadow Wood*, 366 P.3d at 1115. Second, BANA's sole attempt to tender does not show that the HOA Sale was unfair. BANA could have followed up with the HOA or calculated an estimate and tendered the superpriority amount. While BANA contends the HOA "obstructed" the tender (ECF No. 110 at 4), the record shows that the HOA simply did not respond to BANA's offer letter in this instance (*id.* at 4–5; ECF No. 114 at 7; ECF No. 110-6 at 3.) Further, the Court finds speculative BANA argument that a letter it received from the HOA regarding another property—a month prior to its offer letter here—shows that the HOA would have rejected any payment from BANA. (*Id.* at 114 at 6–8.) Third, a mortgage protection clause alone, like the CC&R here, is insufficient evidence of unfairness to warrant setting aside an HOA foreclosure sale. *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-00256-JCM-NJK, 2018 WL 1002611, at *8 (D. Nev. Feb. 21, 2018). Finally, at the time of the HOA Sale, NRS § 116.3116 did not even require that the notices sent to BANA specifically state that the HOA sought to foreclose on the superpriority portion of its lien, much less provide instructions for how to cure.[6] *See Bank of Am., N.A. v. 583SC LLC*, 408 P.3d 548 (Table) n.1, 2017 WL 6542454, at *1 n.1 (Nev. 2017); *see also Bank of N.Y. Mellon*, 2019 WL 302489, at *4 ("[N]otice need not be an exhaustive guidebook to preserving one's interest"). Thus, the Court declines to exercise its equitable powers to set aside the HOA Sale.

///

///

///

---

[6]The Nevada Supreme Court recently found that NRS § 116.31168 incorporates the mandatory notice provisions of NRS § 107.090, which requires notice of the time and place of the sale. *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248, 1253 (Nev. 2018).

### 4. Supremacy Clause

BANA next argues that the Supremacy Clause of the Federal Constitution prevents extinguishment of the DOT because the DOT is federally insured. (ECF No. 110 at 22–26.) The Court disagrees. *See PHH Mortg. Corp. v. Saticoy Bay LLC*, No. 2:16-cv-02795-MMD-NJK, 2018 WL 357847, at *1 (D. Nev. Jan. 10, 2018) (rejecting property clause argument in case about mortgage that was FHA-insured at the time of the applicable homeowner's association foreclosure sale); *Las Vegas Dev. Group, LLC v. Yfantis*, 173 F. Supp. 3d 1046, 1052-53 (D. Nev. 2016) (same); *see also Renfroe v. Lakeview Loan Servicing, LLC*, 398 P.3d 904, 909 (Nev. 2017) (rejecting supremacy clause challenge to nonjudicial foreclosure sale conducted under the Statute that extinguished FHA-insured DOT).

In sum, the Court finds that the HOA Sale extinguished BANA's DOT and that BANA has not established that it is entitled to equitable relief under *Shadow Canyon*. Accordingly, the Court grants SFR's motion for summary judgment on its counterclaims and BANA's claims against it. BANA's motion is therefore denied.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant/Counterclaimant SFR's motion for summary judgment (ECF No. 109) is granted. The Court grants summary judgment in favor of SFR on its counterclaims and on BANA's claims and declares that the HOA Sale extinguished BANA's DOT, and that SFR took title to the Property free and clear of BANA's DOT.

It is further ordered that Plaintiff/Counter-Defendant BANA's motion for summary judgment (ECF No. 110) is denied.

///

///

9

| | |
|---|---|
| 1 | The Clerk of the Court is instructed to enter judgment in favor of SFR on its |
| 2 | counterclaims and on BANA's claims, and in favor of the HOA—White Lake Ranch |
| 3 | Association—on BANA's claims against the HOA.[7] The Clerk is further instructed to close |
| 4 | this case. |

DATED THIS 19th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[7] Although the HOA did not move for summary judgment or respond to BANA's motion, in light of the Court's findings on BANA's claims the Court *sua sponte* grants summary judgment in the HOA's favor on the claims BANA alleges against it in the FAC. *See Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) ("[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party.").